## BROMLEY v. HOPEWELL.

### June 6, 1840.

#### *Exceptions to Auditor's Report.*

G. leased certain real estate to W. for four years at a certain rent. Before the expiration of the term W. underlet the same for the remainder of his lease to D., who afterwards underlet a part of the premises to H., when goods thereon were sold under a *fieri facias*: *Held,*

1. That under the acts of 1772 and June 16, 1836, W. was not entitled to the payment of one year's rent out of the proceeds.

2. The landlord who, under these acts, is entitled to receive one year's rent out of the proceeds of the sheriff's sale, is the *immediate* landlord of the defendant, either by a direct lease or by a legal assignment of a lease.

IN this case, the goods of the defendant had been sold under an execution, and the proceeds were paid into court, who referred the distribution to an auditor.

The facts of the case appear by the following Report of the auditor:

"The undersigned, appointed an auditor to distribute the money into court raised by sheriff's sale under the alias *fieri facias* in the case of Bromley *v.* Hopewell, reports as follows, viz.:

"The required notice was advertised, several meetings had, and the following claims made:

"The plaintiff in the said case claims the balance due on his judgment, after deducting the sum of $175 paid him by the defendants at different times.

"The other claim is by John and Joseph Wright, who hold the premises on which the defendant's goods were at the time of levy, by virtue of a lease to them from Simon Gratz, made December 23, 1836, for the term of four years from January 1, 1837, at an annual rent of $1500, payable quarterly. By an indenture made March 6, 1838, the said J. and I. Wright let the said premises to Thomas D. Dougherty and Jacob W. Souder for the remainder of a lease granted by Simon Gratz to the said John Wright and Joseph Wright, *having two years and nine months to run from the 30th March present (1838)* at the yearly rent of $1200, payable in equal quarterly payments of $300 each,

[Bromley v. Hopewell.]

on the 30th days of the months of March, June, September and December, &c.; and the said Dougherty and Souder further agree that they will yield up quiet possession of the said premises at the expiration of this lease, namely, on December 30, 1840, &c.

"There was an agreement in the lease that Dougherty and Souder might rent any part or parts of said premises except the store during their term. By a memorandum made 15th September, 1838, the Messrs. Wright agreed that Dougherty and Souder might underlease the store to J. C. Hopewell or Shewell and Hopewell, the said Dougherty and Souder remaining, however, always liable for the rent of the whole premises as fully as if no underlease had been made.

"The said J. and J. Wright claim, as landlords, of Dougherty and Souder and of Shewell and Hopewell the rent of the whole of said premises from 30th June, 1839, to the time of levy, amounting to $262 96, under the 63d section of the act of 1836 relating to executions.

"The plaintiff contends, *First:* That the indenture between the Messrs. Wright and Dougherty and Souder operates as an assignment of their whole term, by force of the words 'for the remainder of a lease granted by S. Gratz to the said J. and J. Wright,' &c., consequently, that the Messrs. Wright have no right to distrain for the rent reserved to them, and are, therefore, excluded from the benefit provided in the act. *Second:* That Gratz alone has a claim as landlord under the act; and, having waived it, there can be no claim for rent out of the proceeds of the execution by any party. Evidence was given to show that Gratz disclaimed looking to Shewell and Hopewell (the defendants) for the rent due to him for the premises, and considered the Messrs. Wright alone responsible for it.

"There was also evidence that the plaintiff, when he called on the Messrs. Wright in relation to the rent, said, that if he had known there was so much rent due he would not have concerned himself about making any claim on the defendants. *First.* The first point is, whether the lease of the Messrs. Wright to Dougherty and Souder of only part of their interest or an assignment of the whole term. The Messrs. Wright agreed to let to Dougherty and Souder 'for the *remainder* of a lease granted by Simon Gratz to the said John and Joseph Wright, having *two years and nine months* to run from the 30th day of March present (1838),

&c. Now, two years and nine months from the 30th March, 1838, even exclusive of that day, will expire on the 30th December, 1840, whereas the lease by Gratz to the Wrights will not expire until the 31st December, 1840. These terms are contradictory. Something further is necessary to determine the extent of the interest granted. In the latter part of the instrument Dougherty and Souder further agree ' that they will yield up quiet possession of the said premises at the expiration of this lease, namely, on the 30th December, 1840,' &c. This clause expressly limits the extent of the term to the 30th December, 1840, and agrees with the words of the former clause, ' having two years and nine months to run,' &c. The words ' for the remainder of a lease granted by S. Gratz to the said John Wright and Joseph Wright' must be rejected as surplusage, and the instrument construed as a lease of part only of the interest of the Wrights, who consequently have a right of distress.

" As this question has been urged as material in deciding the claims of the parties it has been here considered, though the following construction of the act of assembly will render it immaterial.

" *Second.* The second question is, whether the Messrs. Wrights are entitled, as the landlords mentioned in the act of 1836 relating to executions, to the amount of rent reserved to them in their lease to Dougherty and Souder, out of the proceeds of the execution against the goods of the defendant, Hopewell, who was their under lessee. The plaintiff contends that Gratz, the original landlord, alone has a claim under the act; and, as he has waived his claim, it exists in no one. The claim on behalf of the Wrights is, that *they* are the landlords mentioned in the act, and that the goods on the premises being liable to their distress, should satisfy the rent reserved to them in their lease.

" We find but one authority applicable to this point, viz.: the case of *Bennett,* reported in *Strange* 787, who was ground landlord of a house in which an underlessee dwelt, against whom there was an execution: it was held, that Bennett was not entitled to rent out of the proceeds of the execution, and that the statute 8 *Ann., c.* 14, under which he claimed, extended only to the *immediate* landlord of the party whose goods are subject to an execution.

This question was started in the case of Ege v. Ege, 5 *Watts*

[Bromley v. Hopewell.]

134, but was not decided, being immaterial to the case, which was disposed of on other grounds. The act of assembly of 1772 was taken from the statute 8 *Ann.*, c. 14, and there seems to be no reason why it should not bear the same construction as regards the present question. The 83d section of the act of 1836 contains the additional proviso, that the goods and chattels, &c. taken in execution there mentioned must be such as are ' liable to the distress of the landlord.' The object of this provision, it is conceived, can only be to exempt from a liability to satisfy rent such goods as are commonly exempted from a distress, but which, without such provision, would go to pay rent when sold under an execution: otherwise there seems to be no force in this provision, as all goods on the premises except those particularly exempted by common law, otherwise are liable to the distress of the landlord.

" The undersigned is therefore of opinion that the Messrs. Wright are not entitled to their rent out of the fund in court, and that it is to go to satisfy the plaintiff's judgment after deducting costs and expenses."

The Messrs. Wright filed exceptions to this Report.

*Williams,* for the exceptions.
*Henderson,* contra.

The counsel cited 19 *E. C. L. R.* 484 ; Thoroughford *v.* Richardson, 20 *E. C. L. R.* 190.

PER CURIAM.—By the act of 21st March, 1772, and the 83d section of the act of June 16, 1836, relating to executions, out of the proceeds of the goods of the *defendant,* taken in execution, there is to be paid the rent due to the *landlord* not exceeding one year's rent. These acts evidently contemplate the defendant to be the lessee of the landlord, either by direct lease or an assignment. In this case, the defendant was in no aspect the lessee of the Messrs. Wrights. He was the tenant of Dougherty and Souder. Suppose, by reason of the original letting and the underlettings, Mr. Gratz, the Messrs. Wright, and Dougherty and Souder all claimed rent: the acts do not intend that there shall be more than one landlord. We are of opinion that the *immediate landlord* of the defendant, and he only, is enti-

[Bromley v. Hopewell.]

tled to rent out of the proceeds of the sheriff's sale.   Here none
being claimed, the plaintiff is entitled to the fund.   This decision,
it will be observed, does not interfere with the right of the owner
of a paramount rent to distress therefor upon the goods on the
premises out of which his rent is reserved, subject to the exemp-
tions created by our statutes and the decisions of our courts, but
it is confined to the construction of the acts authorizing the pay-
ment of one year's rent out of the proceeds of a sheriff's sale of
personal property.

Exceptions dismissed.